UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALEXA NIX,

    Petitioner,

v.

BOB GUALTIERI, in his official
capacity as Sheriff for Pinellas County,
Florida,

    Respondent.

Case No.: 8:22-cv-1448

_____/

### PETITION FOR WRIT OF HABEAS CORPUS
(Pretrial Detention)

1.    Next month, in July 2022, Alexa Nix (Nix) is expected to deliver twins while detained pretrial in jail. She was rearrested for consuming alcohol in violation of her DUI-manslaughter release conditions. The State and the state court wanted Nix detained. Yet, the State never requested a detention order. § 907.041(4), Fla. Stat. After all, that would have required the State to establish beyond a reasonable doubt that "no conditions" short of detention would reasonably protect the community. Fla. Const., art. I, § 14. And the state court would have had to make explicit factual findings justifying detention. § 907.041(4)(i), Fla. Stat. So instead, the state court effected detention by

imposing a $600,526 monetary bail, an amount well out of Nix's reach. This was a different road to the same detention destination.

2. Nix objected. Because this unaffordable bail deprives Nix of liberty, the State must justify it as clearly essential to reasonably assure its legitimate pretrial interests. The Due Process Clause mandates these safeguards. Yet, the State did not establish, and the state court did not determine, that the detention through an unaffordable bail was clearly essential—e.g., why proposed, available nonmonetary conditions in conjunction with an affordable bail would not otherwise suffice. Thus, Nix is detained in violation of the Fourteenth Amendment to the U.S. Constitution.

## JURISDICTION & VENUE

3. Nix brings this action pursuant to 28 U.S.C. § 2241(c)(3) for relief from detention in "violation of the Constitution." Nix is detained without due process in violation of the Fourteenth Amendment to the U.S. Constitution. Nix's bail is also excessive in violation of the Eighth Amendment.

4. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. § 2241 (habeas corpus), 28 U.S.C.§ 1651 (All Writs Act), and the Suspension Clause of Article I of the U.S. Constitution.

5.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §2241(d) because the Nix is in custody in this judicial district and venue. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to these claims occurred in this district.

## PARTIES

6.      Petitioner Alexa Nix is detained in the county jail for Pinellas County, Florida.

(a)     She has been detained there awaiting trial since she turned herself in at the jail on December 7, 2021.

(b)     The state court has not set her case for trial, but it is expected to set a trial date at a pretrial hearing on July 18, 2022.

(c)     Nix is 26 years old. She is pregnant with twins and is now in her third trimester of pregnancy. Hearing Tr., (March 29, 2022), State Court Appellate App., ECF 1-2 at 86:25-87:5 (testifying that she was 25 weeks pregnant at the time of the hearing).

7.      Respondent Bob Gualtieri currently has immediate custody over Nix. Gualtieri is sued in his official capacity as Sheriff for Pinellas County, Florida.

## F<small>ACTS</small>

### A. Charges and Bail Imposed in December 2021

8. In August 2020, Nix was arrested and charged with (a) DUI manslaughter, (b) leaving the scene of a crash involving death, and (c) providing false information to a law enforcement officer. *State v. Nix*, No. 20-7862 CF (Fla. 6th Cir. (Pinellas Cnty.), Information, ECF 1-2 at 9-10.

9. In September 2020, after three weeks in jail, Nix was released after posting a monetary bail. ECF 1-2 at 141 (Doc. #29).

10. A year later, on November 30, 2021, the state court revoked Nix's pretrial release, issued a bench warrant, and ordered her detained. Bench Warrant, ECF 1-2 at 11. It believed she had violated a release condition to abstain from alcohol. When Nix learned about the warrant, she turned herself in at the Pinellas County Jail on December 7, 2021. ECF 1-2 at 82:21-22.

11. On December 14, Nix argued she was constitutionally entitled to bail and requested the state court set conditions of release. Mot. to Set Bond, ECF 1-2 at 15; *see also State v. Blair*, 39 So.3d 1190 (Fla. 2010) (holding trial court cannot order pretrial detention based on a violation of a defendant's pretrial release condition unless the court complies with the requirements of the pretrial detention statute, § 907.041(4), Fla. Stat.).

12. On December 22, the state court conducted a hearing about whether Nix had consumed alcohol and whether she was entitled to bail. Hearing Tr., (Dec. 22, 2022), ECF 1-2 at 17-61.

(a) The state court found she had violated the pretrial condition to abstain from alcohol.

(b) The State argued Nix should be detained. ECF 1-2 at 51:17-21. The state court believed Nix "should not be out at all" because "she is a horrible danger to the community." ECF 1-2 at 53:1-2, 53:7-8, 57:6-9. Yet, recognizing that Nix was entitled to bail absent a motion for pretrial detention from the State, the state court agreed to set bail. ECF 1-2 at 52:25–53:1.

(c) The State requested a $250,000 monetary bail. ECF 1-2 at 52:4-6. The state court rejected that amount as too low. ECF 1-2 at 52:7, 53:12. Instead, the state court imposed a $600,526 monetary bail and ordered Nix to abstain from alcohol and driving and wear a CAM monitor. ECF 1-2 at 53:12–54:7.

(d) Although the state court professed ignorance about what Nix could afford, ECF 1-2 at 53:5-6, and elicited no testimony on this fact, the $600,526 monetary bail was designed to ensure she remained in jail. *See* ECF 1-2 at 51:13-16.

**B. Motion to Modify Bail**

13. On February 28, 2022, Nix objected to the de facto detention order and filed a Motion to Modify Bond. ECF 1-2 at 62-71. In her motion, she argued as follows:

(a) The $600,526 monetary bail is unaffordable. ECF 1-2 at 62, at ¶ 7. Accordingly, the unaffordable bail effected de facto pretrial detention. ECF 1-2 at 63, at ¶ 1.

(b) Before imposing an unaffordable bail resulting in pretrial detention, the State must prove that no nonmonetary conditions of release alone or in conjunction with an affordable monetary bail would both facilitate release and reasonably assure the government's legitimate bail interests. ECF 1-2 at 64-65, ¶¶ 2-3. That is, the unaffordable bail was not only sufficient to reasonably assure the State's pretrial interests, but it was essential because nothing else or less than the unaffordable bail would work.

(c) The State must establish a need to detain a person through an unaffordable monetary bail by clear and convincing proof. ECF 1-2 at 65-66, at ¶ 4.

(d) The state court must determine whether the State had satisfied these due process strictures. ECF 1-2 at 65, 66.

  (e) A court must consider the accused's financial circumstances and ability to pay in determining a person's bail amount. ECF 1-2 at 66, at ¶ 5.

  (f) Monetary bail cannot be set in consideration of dangerousness. ECF 1-2 at 66-67, at ¶ 6.

  (g) Nix requested the state court consider and impose only pretrial conditions that will actually facilitate release.  ECF 1-2 at 70-71.

  (h) Additionally, she requested the state court make explicit findings about whether Nix can afford the ultimately imposed monetary bail, and if the bail is unaffordable, whether the government has shown by clear and convincing proof that no nonmonetary condition or a lesser monetary bail would reasonably achieve the government's legitimate interests.  *Id*.

### C. Bail Hearing & Result

14. On March 29, 2022, the lower court heard Nix's motion to modify bail.  Hearing Tr., ECF 1-2 at 72-137.

  (a) Nix testified that she could not afford the $600,526 bail amount.  She could afford at most a $30,000 monetary bail.  ECF 1-2 at 96:8-22.  Before she turned herself into the jail, she was working a part-time job making approximately $200 per week.  She testified that she had no money in savings.  She

was living with her mother, and her mother was taking care of her financially. She received unemployment until July 2021 for a job that laid her off because of COVID. She had $3,500 in debt for school loans. ECF 1-2 at 995.

      (b)    The State stipulated that Nix's monetary bail was unaffordable. ECF 1-2 at 121:9-11.

      (c)    Nix proposed a $30,000 monetary bail along with nonmonetary conditions, including at-home detention except for medical appointments and church. ECF 1-2 at 125:18-23.

      (d)    The State failed to establish that the proposed $30,000 monetary bail and nonmonetary conditions, which would facilitate her release, would not reasonably assure the government's legitimate pretrial interests.

      (e)    The State failed to establish any need for pretrial detention through the imposition of an unaffordable monetary bail based on clear and convincing proof.

      (f)    Like in her motion, Nix twice asked the state court during the hearing to make specific findings on whether the $600,526 is affordable, and if the bail is unaffordable, whether the government has shown by clear and convincing proof that no nonmonetary condition or a lesser monetary bail would reasonably

achieve the government's legitimate interests.  ECF 1-2 at 119:20-120:3; 125:24-126:8.

(g)     The state court declined to make these rulings.  ECF 1-2 at 132:7-10; 135:3-9.  The state court failed to determine any need for pretrial detention through the imposition of a $600,526 bail based on clear and convincing proof

15.    Ultimately, the state court denied Nix's motion to modify bail.  The total monetary bail remains $600,526.

### D. Other Facts

16.    Nix exhausted all available state remedies.  She presented her claims to the Florida Second District Court of Appeal.  *See* Nix's Habeas Pet., *Nix v. Gualtieri*, No. 2D22-1478 (Fla. 2nd DCA) (ECF 1-1); Appendix to Nix's Habeas Pet. (ECF 1-2).  The state appellate court denied Nix relief.  Order (ECF 1-3).  The Florida Supreme Court lacks jurisdiction to review the Florida Second District's ruling because it contains no discussion "expressly constru[ing]" the Constitution, Fla.R.App.P. 9.030(a)(2)(A)(ii).  *Gandy v. State*, 846 So. 2d 1141, 1144 (Fla. 2003).  Because further review is unavailable, Nix exhausted her claims.

17.    Nix cannot afford the current monetary bail.

18. Nix has limited financial resources.

    (a) The state clerk found her indigent, and she was appointed a public defender to represent her in her state case. ECF 1-2 at 140 (Doc #94).

    (b) Nix financially relies on her mother, has no savings, and earned a modest income before arrest. ECF 1-2 at 995.

19. Nix would satisfy the monetary bail, if the monetary bail was affordable.

20. Because Nix cannot afford the imposed monetary bail, Nix has been deprived of her liberty.

21. The imposition of an unaffordable monetary bail constitutes pretrial detention.

22. Because Nix cannot afford the imposed monetary bail, Nix has been deprived of liberty ever since the arrest.

23. The $600,526 monetary bail effects Nix's pretrial detention.

24. Pretrial detention constitutes a significant deprivation of liberty.

25. Nix has a fundamental interest in pretrial liberty.

26. Nix is being held in the jail by the Respondent Sheriff, who currently has immediate custody over Nix.

27. The State has neither sought nor signaled its intent to detain Nix through a pretrial detention order pursuant to § 907.041(4), Fla. Stat., or Fla.R.Crim.P. 3.132.  Clerk's Docket (ECF 1-2 at 139-142).

28. Nix has no adequate remedy at law for the denial of the fundamental constitutional right to liberty.  Absent intervention by this Court, Nix will continue to be detained in violation of the U.S. Constitution.

## COUNT 1:  SUBSTANTIVE DUE PROCESS

29. Petitioner realleges and incorporates by reference the foregoing allegations.

30. The Fourteenth Amendment to the U.S. Constitution prohibits depriving a person of liberty by detaining a person pretrial on an unaffordable monetary bail unless there is a need for pretrial detention and no less-restrictive alternatives to pretrial detention or additional conditions of pretrial release in conjunction with an affordable monetary bail, which would facilitate release and would reasonably achieve the government's legitimate interests.

31.     The State has no need for pretrial detention or the $600,526 monetary bail that results in pretrial detention. Nonmonetary conditions, including the proposed at-home detention in conjunction with the affordable $30,000 monetary bail would reasonably assure the State's legitimate interests.

32.     When the State has at its disposal, but declines to utilize, nonmonetary conditions in conjunction with an affordable bail amount, which would facilitate release, detention resulting from an unaffordable monetary bail violates the U.S. Constitution.

33.     The State detains Nix in this fashion.

**COUNT 2: PROCEDURAL DUE PROCESS**
**(Standard of Proof)**

34.     Petitioner realleges and incorporates by reference the foregoing allegations.

35.     The Fourteenth Amendment to the U.S. Constitution requires the government to establish a need for an unaffordable monetary bail that results in pretrial detention by clear and convincing proof.

36.     The State failed to establish a need for pretrial detention through the imposition of an unaffordable monetary bail based on clear and convincing proof.

37. Detention resulting from an unaffordable monetary bail without complying with this heightened standard of proof that guards against mistaken or unjustified deprivation of liberty violates the U.S. Constitution.

38. The government detains Nix in this fashion.

**COUNT 3: PROCEDURAL DUE PROCESS**
**(Determination Justifying Detention)**

39. Petitioner realleges and incorporates by reference the foregoing allegations.

40. The Fourteenth Amendment to the U.S. Constitution requires a determination justifying a liberty deprivation.

41. The state court failed to determine that Nix's pretrial detention through an unaffordable bail was justified. It failed to determine whether the State had shown by clear and convincing proof that no nonmonetary condition or a lesser monetary bail would reasonably achieve the government's legitimate interests.

42. Nix's deprivation of liberty without the state court either ordering pretrial detention pursuant to law, § 907.041(4), Fla. Stat., or making findings of fact and conclusions of law that support the imposition of an unaffordable monetary bail resulting in a liberty deprivation violates the U.S. Constitution.

43. The government detains Nix in this fashion.

<u>COUNT 4:</u>  <u>EXCESSIVE BAIL</u>
(Consideration of Public Safety)

44. Petitioner realleges and incorporates by reference the allegations in paragraphs 1-28.

45. The Eighth Amendment to the U.S. Constitution prohibits excessive bail. A monetary bail must be "designed to ensure" or achieve some government interest. *United States v. Salerno*, 481 U.S. 739, 754 (1987).

46. The state court imposed a $600,526 monetary bail in consideration of public safety and Nix's perceived dangerousness. The State argued the $600,526 monetary bail would protect the community. ECF 1-2 at 121:13-24, 122:5-9. The state court kept in place the unaffordable monetary bail to protect the community. ECF 1-2 at 129:10-12. In consideration of the perceived danger to the community, in part, the state court found that the $600,526 monetary bail was reasonable and nonexcessive.

47. Monetary bail in Florida does not constitutionally further the State's interest in public safety. So long as the accused does not flee, no financial consequence results from her committing a future crime while on pretrial release. To the extent monetary bail is set in consideration of public safety, it is per se excessive.

48. Nix's detention conditioned on satisfaction of a monetary bail set in consideration of public safety is excessive and violates the Eighth Amendment.

### RELIEF REQUESTED

**WHEREFORE**, Petitioner respectfully requests the following relief:

A. Issue a writ of habeas corpus commanding the Respondent to release Nix pretrial within five days unless the state court

(1) determines anew Nix's conditions of pretrial release, including the amount of any monetary bail; and

(2) orders Nix released pretrial on one of the following:

(a) nonmonetary conditions only;

(b) an affordable monetary bail, alone or in conjunction with nonmonetary conditions, after making an explicit finding that Nix can afford the monetary bail; or

(c) an unaffordable monetary bail, alone or in conjunction with nonmonetary conditions, after making explicit findings that

      (i)   no nonmonetary conditions of release alone or in conjunction with an affordable monetary bail, which would facilitate release, would reasonably assure the government's legitimate bail interests; and

      (ii)   the State established its need for an unaffordable monetary bail by clear and convincing proof; and

(3)   imposes a non-excessive bail.

B.    Declare the following:

(1)    An unaffordable monetary bail constitutes pretrial detention.

(2)    The Fourteenth Amendment to the U.S. Constitution mandates that an accused's pretrial release may only be conditioned on an unaffordable bail after the State establishes no nonmonetary conditions of release alone or in conjunction with an affordable monetary bail, which would facilitate release and would reasonably assure the government's legitimate bail interests.

(3)    The Fourteenth Amendment to the U.S. Constitution requires the State to establish this need for an unaffordable monetary bail that results in pretrial detention by clear and convincing proof.

(4) The Fourteenth Amendment to the U.S. Constitution requires the state court to justify detention by determining the State has established a clear need for an unaffordable bail.

(5) The Eighth Amendment of the U.S. Constitution forbids imposing a monetary bail in consideration of public safety or the accused's perceived dangerousness.

C. Retain jurisdiction of this matter to enforce the terms of the Court's orders.

D. Such further and different relief as is just and proper.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing document has been furnished to the following person(s) on the E-filed date of this document via email:

Shannon Lockheart
Pinellas County Sheriff's Office
10750 Ulmerton Rd.
Largo, FL 33778-1703
slockheart@pcsonet.com

*General Counsel for Sheriff for Pinellas County, Fla.*

**Respectfully Submitted,**

s/*Benjamin James Stevenson*
**Benjamin James Stevenson**
Fla. Bar. No. 598909
ACLU Found. of Fla.
3 W. Garden St., Suite 712
Pensacola, FL 32502-5636
T. 786.363.2738
bstevenson@aclufl.org

*Lead Counsel*

**Jerry Edwards**
Fla. Bar No. 1003437
ACLU Found. of Fla.
933 Lee Road, Suite 102
Orlando, FL 32810
T. 786.363.1107
jedwards@aclufl.org

**Jacqueline Nicole Azis**
Fla. Bar No.101057
ACLU Found. of Fla.
4023 N. Armenia Ave., Suite 450
Tampa, FL 33607
T. 786.363.2708
jazis@aclufl.org

**Daniel Tilley**
Florida Bar No. 102882
ACLU Found. of Fla.
4343 W. Flagler St., Suite 400
Miami, FL 33134
T. 786.363.2714
dtilley@aclufl.org

*Counsel for Petitioner*

## VERIFICATION

Pursuant to 28 U.S.C. § 2242, I declare under penalty of perjury that the foregoing facts are true and correct.

Executed on June 24, 2022.

_____
Alexa Nix